IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**
July 20, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____RR_____
DEPUTY

| | |
|---|---|
| MATTHEW ANDREW GARCES, § § | |
| *Plaintiff, Pro Se,* § § | |
| v. § § | Case No. 5:25-CV-00633-XR-HJB |
| MRS. MARTHA HUERTA; *et. al.*, § § | |
| *Defendants*. § | |

# EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. P. 65

TO THE HONORABLE CHIEF JUDGE ALIA MOSES:

Plaintiff MATTHEW ANDREW GARCES, *pro se*, urgently moves this Court for a Temporary Restraining Order ("TRO") and Preliminary Injunction enjoining Magistrate Judge Henry J. Bemporad from (1) implementing, recommending, or pursuing any vexatious litigant designation against Plaintiff, and (2) taking any further substantive action in any case involving Plaintiff pending resolution of Plaintiff's recusal motions and related judicial misconduct claims. This Motion is based on Judge Bemporad's pervasive bias, violation of due process, and the imminent, irreparable harm Plaintiff faces from a vexatious

litigant designation predicated on judicial animus.

## I. INTRODUCTION AND FACTUAL OVERVIEW

1. **Imminent Harm**: Magistrate Judge Bemporad has recommended Plaintiff be declared a vexatious litigant (*See* R&R, *Garces v. Rossbach*, No. 5:25-CV-00441-JKP-HJB, Dkt. 14 (W.D. Tex. June 4, 2025)). This recommendation stems from a demonstrable pattern of judicial bias and violates fundamental due process. Implementation of this designation would immediately:

   * Terminate Plaintiff's access to federal courts;

   * Deprive Plaintiff of property rights (housing claims) and liberty interests (reputation);

   * Violate the First Amendment right to petition for redress of grievances (*Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983)); and

   * Cause irreparable harm by foreclosing meritorious disability discrimination claims (*See* TRO Motion, *Garces v. Rossbach*, No. 5:25-CV-00441-JKP-HJB (W.D. Tex. Apr. 22, 2025)).

2. **Judicial Bias & Due Process Violations**: Judge Bemporad's actions create an inescapable appearance of partiality and actual bias requiring recusal under 28 U.S.C. § 455(a)/(b)(1):

* **Pattern of Adverse Rulings**: Judge Bemporad has dismissed 6 of Plaintiff's cases *sua sponte* on the same day R&Rs were issued (*See* New Facts: Cases 5:25-CV-00081, -00082, -00128, -00252, -00441, -00539). This exceeds magistrate authority under 28 U.S.C. § 636(b)(1)(A) and violates due process (*See* Recusal Mot. at II.A.1).

* **Denial of Recusal Motions**: Judge Bemporad denied recusal motions in 2 cases (*Garces v. Huerta*, No. 5:25-CV-00252-JKP-HJB; *Garces v. Bisignano*, No. 5:25-CV-00579-XR-HJB) despite being named as a defendant in Plaintiff's judicial misconduct suit (*Garces v. Biery*, No. 5:25-CV-00609-OLG-ESC). This violates 28 U.S.C. § 455(b)(1) (*In re Boston's Children First*, 244 F.3d 164, 168 (1st Cir. 2001)).

* **Indefinite Stays**: Judge Bemporad stayed 7 of Plaintiff's cases (*See* New Facts: Cases 5:25-CV-00579, -00580, -00604, -00607, -00633, -00637, -00686), effectively denying access to the courts while allowing retaliatory actions (e.g., eviction) to proceed.

* **Retaliatory Vexatious Designation**: The R&R recommending vexatious litigant status (*Garces v. Rossbach*, No. 5:25-CV-00441) was issued **after** Plaintiff filed suit against Judge

Bemporad and sought his recusal. It cites Plaintiff's litigation history while ignoring the merit of underlying claims (*See* Objections to R&R at II.B-C) and violates *Beauchamp v. Sullivan*, 21 F.3d 789, 792 (7th Cir. 1994) (indigency cannot justify pre-filing bars).

## II. LEGAL STANDARD FOR TRO

A TRO is warranted under Fed. R. Civ. P. 65(b) and the equitable factors articulated in *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008):

1. **Likelihood of Success on the Merits**:
   * **Judicial Bias**: Plaintiff is likely to succeed on claims that Judge Bemporad's actions violate 28 U.S.C. § 455(a). A "reasonable person, knowing all the circumstances, would conclude that the judge's impartiality might reasonably be questioned" (*Liteky v. United States*, 510 U.S. 540, 548 (1994)). The pattern of dismissals, stays, denials of recusal, and retaliatory R&R creates an **"intolerable appearance of partiality"** (*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988)).
   * **Due Process Violations**: The vexatious litigant recommendation was issued without:

   (i) Adequate notice or opportunity to respond (*Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987));

   (ii) Consideration of lesser sanctions (*Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004));

   (iii) Tailoring to specific harms (*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 25 (2d Cir. 1986)).

 \* **Merit of Underlying Claims**: Plaintiff's housing claims allege serious FHA/ADA violations (*See* TRO Motion, *Rossbach* Case; Objections to R&R at I.A-B). Dismissing them as **"frivolous"** ignores evidence (*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

2. **Irreparable Harm**:

Implementation of the vexatious litigant designation would cause immediate, irreparable harm:

 \* **Loss of Access to Courts**: Violates the First Amendment right to petition (*Bill Johnson's Rests.*, 461 U.S. at 741).

 \* **Homelessness & Medical Crisis**: Plaintiff faces imminent eviction from accessible housing essential for his mobility impairment (*Rossbach* TRO Motion). Loss of this housing is irreparable (*Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

- * **Reputational Harm**: A vexatious litigant label is a **"stigma"** damaging reputation and future litigation rights (*Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971)).
- * **Structural Due Process Violation**: Proceeding before a biased tribunal inflicts irreparable harm (*Gray v. Mississippi*, 481 U.S. 648, 668 (1987)).

3. **Balance of Equities**:
   - * **Plaintiff's Harm**: Eviction, loss of healthcare access, denial of justice.
   - * **Defendant's Harm**: None. Enjoining a **recommendation** imposes no burden. Maintaining the status quo preserves judicial integrity.
   - * **Public Interest**: Overwhelming public interest in:
     (i) Preserving due process and an unbiased judiciary (*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883-87 (2009));
     (ii) Protecting disabled individuals' housing rights (*Texas Dept. of Hous. v. Inclusive Cmtys. Project*, 576 U.S. 519 (2015));
     (iii) Preventing abuse of judicial power to silence legitimate claims (*In re McDonald*, 489 U.S. 180, 184 (1989)).

# III. ARGUMENT

**A. The Vexatious Litigant Recommendation is a Product of Judicial Bias and Violates Due Process**

1. **Extrajudicial Source of Bias**: Judge Bemporad's recommendation stems from animus arising **outside** the proceedings – specifically, Plaintiff's lawsuit against him (*Garces v. Biery*) and recusal motions. This is the quintessential **"extrajudicial source"** requiring recusal (*Liteky*, 510 U.S. at 554; *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).

2. **Failure to Follow Law & Precedent**: The R&R ignores binding precedent requiring:
   * Exhaustion of lesser sanctions before vexatious designation (*Cromer*, 390 F.3d at 819).
   * Narrow tailoring of any pre-filing injunction (*Safir*, 792 F.2d at 25).
   * Liberal construction of *pro se* pleadings alleging civil rights violations (*Erickson*, 551 U.S. at 94).

3. **Procedural Deficiencies**: The recommendation was made without the required:
   * Prior notice or warning (*Gagliardi*, 834 F.2d at 83).

    \*   Evidentiary hearing on Plaintiff's litigation history (*Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989)).

    \*   Consideration of the merit of Plaintiff's underlying claims (*Day v. Allstate Indem. Co.*, 388 F. App'x 391, 392 (5th Cir. 2010)).

**B. Irreparable Harm is Imminent and Certain**

1. **Eviction & Homelessness**: Plaintiff faces immediate eviction from accessible housing if his pending TRO (*Rossbach* case) is not adjudicated fairly. A vexatious litigant designation would foreclose this and related actions, guaranteeing irreparable harm (*Elrod*, 427 U.S. at 373).

2. **Loss of Fundamental Rights**: Deprivation of First Amendment right to access courts and Fifth Amendment due process rights constitutes irreparable harm (*Dombrowski v. Pfister*, 380 U.S. 479, 486 (1965); *Allied-Signal, Inc. v. Bendix Corp.*, 830 F.2d 32, 34 (3d Cir. 1987)).

3. **Judicial Retaliation**: Allowing a biased judge to impose sanctions creates a chilling effect on protected activity (*BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 532 (2002)).

**C. Likelihood of Success on Judicial Bias Claims is Overwhelming**

1. **Pattern of Antagonism**: The systematic dismissal of 6 cases, stay of 7

cases, and denial of 2 recusal motions – all occurring **after** Plaintiff sued Judge Bemporad – demonstrates **"deep-seated favoritism or antagonism that would make fair judgment impossible"** (*Liteky*, 510 U.S. at 555).

2. **Appearance of Impropriety**: A reasonable observer knowing Judge Bemporad is a defendant in Plaintiff's lawsuit would **"entertain a significant doubt about the judge's impartiality"** (*Liljeberg*, 486 U.S. at 860).

3. **Violation of § 455(b)(1)**: A judge **"is a party to the proceeding"** against him, triggering **mandatory** recusal (*In re Boston's Children First*, 244 F.3d at 168; *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993)).

## IV. REQUESTED RELIEF

Plaintiff respectfully requests the Court immediately:

1. **ISSUE A TEMPORARY RESTRAINING ORDER** enjoining Magistrate Judge Henry J. Bemporad, his agents, and the Western District of Texas:

    a. From implementing, recommending, or pursuing any designation of Plaintiff Matthew Andrew Garces as a "vexatious litigant" in any pending or future proceeding;

    b. From taking any further substantive action (including issuing R&Rs, orders on dispositive motions, or sanctions orders) in any case currently assigned to Magistrate Judge Bemporad involving Plaintiff Matthew Andrew Garces (including but not limited to Case Nos. 5:25-CV-00579, -00580, -00604, -00607, -00633, -00637, -00686, and 5:25-CV-00441);

    c. From transferring any case involving Plaintiff to another magistrate judge without prior order from the Chief Judge.

2. **ORDER AN EXPEDITED HEARING** on Plaintiff's request for a Preliminary Injunction **within 14 days**.

3. **DIRECT THE CLERK** to reassign all pending motions for recusal of Magistrate Judge Bemporad to Chief Judge Alia Moses for immediate resolution.

4. **RETAIN JURISDICTION** over this emergency matter pending resolution of the underlying recusal and bias claims.

## V. CONCLUSION

Magistrate Judge Bemporad's campaign to silence Plaintiff through vexatious litigant designation – predicated on clear bias and retaliation for Plaintiff's lawful petitioning activity – constitutes an **imminent threat** to **Plaintiff's life, liberty, property, and fundamental access to justice**. The

extraordinary remedy of a TRO is essential to halt this **abuse of judicial power**, preserve the status quo, and prevent irreparable constitutional injury. This Court must act immediately to safeguard the integrity of the judiciary and Plaintiff's due process rights.

**DATE:** July 20, 2025.

Respectfully submitted,

**/s/Matthew Andrew Garces**
MATTHEW ANDREW GARCES, *Pro Se*

814 Burnet Street, Apt #3

San Antonio, TX 78202

Phone: (210) 966-3554

Email: DRUMMAJORMAC@GMAIL.COM

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2025, a true and correct copy of this EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER was served via the Court's CM/ECF system upon the following:

- Magistrate Judge Henry J. Bemporad

- Clerk of Court, Western District of Texas

- All counsel of record in consolidated cases involving Plaintiff

- U.S. Attorney for the Western District of Texas


**/s/Matthew Andrew Garces**
MATTHEW ANDREW GARCES, *Pro Se*